UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMERSON MANUEL SANDOVAL CARDOZA,<br><br>        Petitioner,<br><br>        v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting United States Attorney General; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcements; LAURA HERMOSILLO, Acting Seattle Field Office Director, Immigration and Customs Enforcement; BRUCE SCOTT, Warden, Northwest ICE Processing Center,<br><br>        Respondents. | No. 2:26-CV-02228-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Jashan Multani. Respondents are represented by Peter Hansen Clark.

Petitioner is a citizen of native and citizen of El Salvador. Petitioner entered the United States near Rio Grande Valley, Texas on July 13, 2021. That same day, Petitioner was encountered, detained, and ultimately released by immigration

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** #1

officials. On May 29, 2026, Immigrations and Customs Enforcement conducted a target operation, took Petitioner into custody, and terminated his release.

Prior to his arrest and re-detention, Petitioner Perez Piña was not provided with notice or a hearing.

Courts in this District have held that when an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). This is true even when a petitioner is alleged to have violated the terms of release from detention. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025); *Camacho*, 2026 WL 1243459 at *7; *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026).  Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana* 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #2**

962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2021. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released because that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 809. Furthermore, the WDWA caselaw clearly states that having a bond hearing now would not cure the underlying constitutional violation and that release is therefore the only way to return the status quo.

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2.    **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.    Respondents shall not re-detain Petitioner without providing pre-

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #3**

detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4.    At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 22nd day of July 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS  #4**